IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STATE FARM GENERAL INSURANCE
COMPANY, as subrogee for Jack Burrows,

    Plaintiff,

vs.

GENERAL ELECTRIC COMPANY;
SAMSUNG ELECTRONICS AMERICA,
INC., et al.,

    Defendants.

_____/

No. CIV S-10-2764 KJM DAD

ORDER

On April 27, 2011, the court heard argument on defendant Samsung Electronics America's motion for summary judgment. Mark Cokee, Wilson, Elser, Moskiwitz, Edelman & Dicker LLP, appeared for defendant; Justin Clark, Law Offices of Geordan Goebel, appeared telephonically for plaintiff; Jonathan Eldredge, Glynn and Finley, appeared telephonically for defendant General Electric Company.

I. <u>Background</u>

    Plaintiff State Farm General Insurance Company (State Farm), as subrogee for its insured Jack Burrows, filed this action in El Dorado County Superior Court, alleging that in June 2007 there was a fire in Burrows' home after a General Electric (GE) Profile microwave combo wall oven overheated and ignited plastic component parts. It further alleged that the microwave

1

and its component parts were manufactured by GE and Samsung Electronics America (Samsung).  Compl. (ECF No. 1) at 8 ¶¶ 7-9.  State Farm pled three causes of action under California law against GE and Samsung: negligence, strict liability, and breach of implied warranty; it asked for damages exceeding $837,815.15.  *Id.* at 9-13.

Defendant GE removed the action to this court on October 13, 2010 under 28 U.S.C. §§ 1332(a) and 1446.  ECF No. 1 at 1-2.

II. <u>Summary Judgment Standards</u>

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[1]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).  In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts").  Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . .  Only disputes over facts that might affect the outcome of the suit under the governing

---

[1] Rule 56 was amended, effective December 1, 2010.  However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged."  FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

2

1   law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48

2   (emphasis in original).

3         In deciding a motion for summary judgment, the court draws all inferences and

4   views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at

5   587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a

6   whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

7   issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First National Bank of Arizona v. Cities

8   Service Co.*, 391 U.S. 253, 289 (1968)).

9   III.  Undisputed Facts[2]

10        On June 16, 2007, a fire damaged the home of Jack Burrows, State Farm's

11  insured, after the heat generated by the self-clearing cycle of GE Profile microwave combo wall

12  oven, model number JT95W0A3WW, ignited component parts of the oven. Compl. at 17 ¶¶ 7-8.

13  State Farm eventually paid Burrow an amount in excess of $837,815.55 for the damages to the

14  insured's property and for living expenses. *Id.* at 17 ¶ 11.

15        Jeong Hwan On is the Director of Risk Management of the Customer Satisfaction

16  Division–Product Liability of Samsung. Affidavit of Jeong Hwan On (On Affidavit) (ECF No.

17  21-7) ¶ 2. As such, he is familiar with the products bought, sold or distributed by Samsung. *Id.*

18  ¶ 3. Samsung does not manufacture or design any products. Declaration of Jeong Hwan On (On

19  Decl.) (ECF No. 21-9) ¶ 2. Samsung distributes only "Samsung" branded finished products and

20  does not distribute products bearing any other trade name or trademark. *Id.* ¶ 3. Samsung does

21  not distribute GE branded products and in particular did not distribute the GE Profile microwave

---

[2] Samsung asks the court to strike the opposition because of plaintiff's failure to comply with Local Rule 260(b), which requires the party opposing summary judgment to admit or deny the moving party's undisputed facts. The court notes plaintiff's non-compliance, but declines to strike the opposition.
   Because plaintiff did not file its own statement of undisputed/disputed facts, the court references the complaint for some facts, but because the complaint is not verified it considers them only for the purposes of giving context to the resolution of the pending motion; it does not find the complaint's allegations to be true for all purposes.

combo wall oven, model number JTP95W0A3WW.  In addition, Samsung did not manufacture, design or warrant the microwave at issue and had no involvement with the design, assembly, manufacture, marketing, advertising, testing or sale of the microwave oven.  *Id*. ¶ 7; On Affidavit ¶ 6.

IV. <u>Analysis</u>

To establish a negligence claim in California, a plaintiff must show duty, breach, causation and damages.  *Ortega v. Kmart Corp*., 26 Cal. 4th 1200, 1205 (2001).  In California, it is inappropriate to impose strict liability on an entity "that is not part of the manufacturing or marketing enterprise of the allegedly defective product that caused the injury in question." *Peterson v. Superior Court*, 10 Cal. 4th 1185, 1188 (1995).  Finally, to establish a breach of the implied warranty of fitness, a plaintiff must show reliance on the seller's or manufacturer's skill in furnishing suitable goods, among other things.  *See Keith v. Buchanan*, 173 Cal.App.3d 13, 24 (1985).  All causes of action require a specific relationship between plaintiff and defendant.  Samsung argues that it is entitled to summary judgment because it had nothing to do with the manufacture or sale of the oven at issue in this case.

State Farm has presented a declaration from Raymond Pietila, Ph.D., an electrical engineer retained by State Farm in this case.  Dr. Pietila reports that he inspected the microwave at issue and an identical exemplar; that he traced the UL file number on the exemplar oven to Samsung Electronics Co., Ltd.; and that Jeong Hwan On attended an inspection of the oven and other fire scene evidence.  Declaration of Raymond Pietila (ECF No. 22-2) ¶¶ 1-4.  Dr. Pietila provides no other information about On's attendance at the inspection.

/////
/////
/////
/////
/////

1      Samsung counters that the fact that the UL number is traced to Samsung
2 Electronics Co., Ltd. does not defeat summary judgment because this entity is a different entity
3 than the named Samsung defendant.[3]
4      Even drawing all inferences in plaintiff's favor as it must, the court finds there is
5 no genuine issue of material fact regarding the defendant Samsung's involvement in the
6 manufacture or sale of the microwave or its components on the record before the court.  Plaintiff
7 can point to only two pieces of information to defeat summary judgment.  First is the nominal
8 similarity between Samsung Electronics Company, Ltd. and the defendant Samsung, which does
9 not support the inference of the defendant Samsung's involvement as plaintiff suggests.  Second
10 is On's presence at the inspection.  As State Farm argues, On does not address this visit in either
11 of his declarations before the court.  Opp'n (ECF No. 22) at 3.  On the other hand, to the extent
12 State Farm suggests that On's presence at the inspection is the equivalent of an admission of
13 involvement, it has not established a sufficient foundation for the court to draw that inference.
14 Neither Pietila nor anyone else recounts whether On said anything during or after the inspection
15 that acknowledged Samsung's involvement in some phase of the oven's production or sale.
16 State Farm has failed to show there is a disputed issue of material fact as to Samsung's
17 involvement in the manufacture or sale of the microwave or its components.
18      In a declaration filed before hearing, plaintiff's counsel asked that the court
19 continue the hearing on the summary judgment motion to allow time for discovery to ascertain
20 the entity that manufactured, designed and/or distributed the microwave at issue.  Declaration of
21 Geordan Goebel (ECF No. 22-1) ¶ 5.
22 /////
23
24   [3] At argument, plaintiff's counsel claimed that SECL is the parent company of Samsung, as disclosed on a Samsung website.  He has not presented any admissible evidence of this fact
25 nor otherwise brought the information in an appropriate form to the court.  In addition, plaintiff has not presented any authority suggesting that a corporate relationship, assuming one exists,
26 would render all related entities liable.

5

In order to justify a continuance or denial of summary judgment under Federal Rule of Civil Procedure 56(d), a party must satisfy the following requirements:

> (1) it has set forth in affidavit form the specific facts it hopes to elicit through further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment.

*Family Home and Finance Center v. Federal Home Loan Mortgage Corporation*, 525 F.3d 822, 827 (9th Cir. 2008). The party seeking the continuance must also show that it diligently pursued previous opportunities for discovery. *Qualls v. Blue Cross of California*, 22 F.3d 839, 844 (9th Cir. 1994); *compare Program Engineering, Inc. v. Triangle Publications, Inc*., 634 F.2d 1188, 1193 (9th Cir. 1980) (motion improperly denied when party had "no previous opportunity to develop evidence . . . crucial to material issues in the case. . . .").[4]

It is relatively early in the discovery period set by the court's December 14, 2010 scheduling order, but plaintiff has nevertheless made no showing that he or his predecessor counsel sought to clarify the microwave's provenance upon first receiving Samsung's affidavit of non-involvement in October 2010. Plaintiff has not demonstrated diligence in pursuing its opportunities for discovery.

IT IS THEREFORE ORDERED that defendant Samsung Electronics America's motion for summary judgment (ECF No. 21) is granted.

DATED: May 11, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

stat2764.

---

[4] These cases cite to Rule 56(f). The Rule was renumbered and rewritten, but without substantive change, effective December 1, 2010.